UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTEX HOMES,
    Plaintiff,

vs.                                                  Case No. 8:07-CV-365-T-27MSS

MR. STUCCO, INC.; RELIABLE ROOFING &
GUTTERS, INC.; and UNIVERSAL LUMBER
SPECIALITIES, INC. d/b/a UNIVERSAL
WINDOW SOLUTIONS, LLC.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendant Reliable Roofing & Gutters, Inc.'s Motion to Abate Action for Violation of Florida Statutes, § 558.004 (Dkt. 14), Defendant Mr. Stucco, Inc.'s Motion to Abate and Dismiss (Dkt. 15), Defendant Universal Lumber Specialities, Inc.'s Motion to Dismiss/Abate (Dkt. 16) and Plaintiff's responses in opposition (Dkts. 17, 18, 19).

### *Background*

Plaintiff Centex Homes, a general contractor and developer, initiated this action against subcontractors Mr. Stucco, Inc. ("Stucco"), Reliable Roofing & Gutters, Inc. ("Reliable") and Universal Lumber Specialities, Inc. ("Universal") (collectively "Defendants"). (Dkt. 1). Plaintiff contends Defendants negligently constructed residences in connection with Plaintiff's development of the Kingsfield Development in Parrish, Florida. (Dkt. 1). Plaintiff alleges multiple counts for negligence, contractual indemnification, and breach of contract. (Dkt. 1). Defendants seek to

1

dismiss or abate Plaintiff's action. (Dkts. 14, 15,16). Specifically, Defendants contend dismissal or abatement is proper because (1) Plaintiff failed to provide notice prior to filing this action as required by § 558.004, Florida Statutes; (2) Plaintiff's negligence claim is barred by the economic loss doctrine, and (3) Plaintiff's Complaint fails to state a cause of action.

### *Applicable Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65. A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Id.* at 1965 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

### *Discussion*

1. Florida Statutes, § 558.004

Contrary to Defendants' assertions, § 558.004 does not apply to Plaintiff's claims. In relevant part, § 558.004 provides:

> In actions brought alleging a construction defect, the claimant shall, at least 60 days before filing any action, or at least 120 days before filing an action involving

2

> an association representing more than 20 parcels, serve written notice of claim on the contractor, subcontractor, supplier, or design professional, as applicable, which notice shall refer to this chapter.

§ 558.004, *Florida Statutes* (2006).[1]

> Within Chapter 558, a "claimant" is defined as:
>
> [A] property owner, including a subsequent purchaser or association, who asserts a claim for damages against a contractor, subcontractor, supplier, or design professional concerning a construction defect or a subsequent owner who asserts a claim for indemnification for such damages. **The term does not include a contractor, subcontractor, supplier, or design professional.**

§ 558.002(3), *Florida Statutes* (2006) (emphasis added).

In the Complaint, Plaintiff alleges that it "was the general contractor and developer" of the Kingsfield Development. (Dkt. 1, ¶ 9). Accordingly, because contractors are expressly excluded from the definition of "claimant" under Chapter 558, Plaintiff was not required to give notice prior to filing suit as prescribed by § 558.004. Defendants' motions to dismiss in this regard are therefore denied.[2]

2.   Economic Loss Rule

Defendants Stucco and Universal contend Plaintiff's negligence claims are barred by the

---

[1] Pursuant to § 558.003, "[i]f a claimant files an action alleging a construction defect without first complying with the requirements of this chapter, on timely motion by a party to the action the court shall abate the action, without prejudice, and the action may not proceed until the claimant has complied with such requirements."

§ 558.003, *Florida Statutes* (2006).

[2] Because this Court finds that Plaintiff is excluded from the definition of "claimant" under Chapter 558, it need not consider Plaintiff's alternative argument that Chapter 558 and its provisions do not apply to federal courts sitting in diversity.

3

economic loss doctrine. Pursuant to Florida's economic loss doctrine, a plaintiff may not raise tort claims to recover solely economic damages arising from a breach of contract absent evidence of personal injury or property damage. *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994). This court-created doctrine applies to situations where there is no alleged tort "injury" separate from the breach of contract. *Id.* Here, Plaintiff sufficiently alleges damages to "other property" as a consequence of Defendants' negligence. Specifically, Plaintiff alleges that "as a result of Defendant's poor workmanship, "substantial portions of the homes other than the work of those Subcontractor Defendants, has been damaged." (Dkt. 1, ¶ 16). Accordingly, at this stage of the proceedings, dismissal based upon the economic loss doctrine is not appropriate.

3.  <u>Failure to State a Claim</u>

Defendants Stucco and Universal propose several reasons why this Court should dismiss Plaintiff's complaint for failure to state a claim. (Dkts. 15, 16). Contrary to Defendants' assertions, the Complaint satisfies the liberal pleading requirements of Fed. R. Civ. P. 8(a). Plaintiff's allegations are not conclusory. When taken as true, the allegations "raise a right to relief above the speculative level." Dismissal for failure to state a claim, therefore, is not appropriate. *See Twombly*, 127 S.Ct. at 1965 (to survive a motion to dismiss for failure to state a claim, plaintiff need only provide sufficient factual allegations, which, taken as true, "raise a right to relief above the speculative level"). Accordingly, it is

**ORDERED** and **ADJUDGED** that:

1) Defendant Reliable's Motion to Abate (Dkt. 14) is **DENIED**;

2)      Defendant Stucco's Motion to Abate and Dismiss (Dkt. 15) is **DENIED**;

3)      Defendant Universal's Motion to Dismiss/Abate (Dkt. 16) is **DENIED**;

4)      Defendants shall file its answer and defenses to Plaintiff's Complaint within 10 days from the date of this Order.

**DONE AND ORDERED** in chambers this 3rd day of August, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record