UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CENTEX HOMES,**
        **Plaintiff,**

vs.                                                Case No. 8:07-CV-365-T-27MSS

**MR. STUCCO, INC.,** *et al.*,
        **Defendants.**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Mr. Stucco Inc.'s Amended Motion to Strike Plaintiff's Answer and Affirmative Defenses (Dkt. 68) and Plaintiff Centex Homes' Response (Dkt. 74). Upon consideration, Defendant's motion is DENIED.

Defendant Mr. Stucco, Inc. filed a counterclaim against Plaintiff for breach of contract (Count I) and spoilation (Count II). (Dkt. 54, pp. 9-12). Plaintiff answered the counterclaim and asserted three affirmative defenses. (Dkt. 62). Defendant seeks to strike Plaintiff's response to paragraph five of its counterclaim and Plaintiff's second and third affirmative defenses. (Dkt. 68). In addition, Defendant seeks to strike Plaintiff's reservation of the right to assert additional affirmative defenses in the future. (Dkt. 68).

According to Rule 12(f), Federal Rules of Civil Procedure, "a court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court enjoys broad discretion in determining whether to grant or deny a motion to strike. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). An affirmative defense should be stricken only when it is insufficient as a matter of law.

1

*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir.1982) "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Larson v. Correct Craft, Inc.*, 2005 WL 1902438, *1 (M.D. Fla. Aug. 8, 2005).

*Plaintiff's Response to Paragraph Five of Defendant's Counterclaim*

In paragraph five of its counterclaim, Defendant alleges that it "has completed all conditions precedent to the institution of this action or these conditions have been waived." (Dkt. 54, ¶ 5). To which, Plaintiff responded that it "is without knowledge and demands strict proof thereof." (Dkt. 62, ¶ 5). Defendant moves to strike Plaintiff's response, arguing it fails to comply with Fed. R. Civ. P. 9(c).[1] In its response to Defendant's motion, Plaintiff agrees to change its response to "admitted." Accordingly, Defendant's motion to strike paragraph five is denied as moot.

*Plaintiff's Second Affirmative Defense*

In Plaintiff's Second Affirmative Defense, it alleges that Defendant's claims are barred by the doctrine of unclean hands. Plaintiff contends Defendant has unclean hands because Defendant committed material breaches under the contract by defectively performing its work. (Dkt. 62). Defendant seeks to dismiss the defense, arguing it fails to comply with Fed. R. Civ. P. 8(a) because it fails to set forth a statement of facts. (Dkt. 68).

Affirmative defenses are subject to the general pleading requirements of Rule 8(a) and will

---

[1] Pursuant to Rule 9(c), "when denying that a condition precedent ha[s] occurred or been performed, a party must do so with particularity." Defendant correctly points out that a "without knowledge" response is considered a general denial and "does not constitute a specific and particular denial, which is required by Rule 9(c)." *See Jackson v. Seaboard Coast Line Railroad Co.*, 678 F.2d 992, 1011 (11th Cir. 1982) (holding defendant waived its right to claim plaintiff failed to timely file an EEOC complaint because it stated it was "without knowledge" in response to plaintiff's averment that conditions precedent had been satisfied).

be stricken if they fail to recite more than bare-bones conclusory allegations. *Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, No. 04-60861, 2005 WL 975773, *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). Contrary to Defendant's assertion, however, Plaintiff has alleged some factual support for its defense, namely that Defendant materially breached the contract by performing defective work. Plaintiff's affirmative defense sufficiently puts Defendant on notice of its defense and in turn, complies with Rule 8(a). Defendant's motion to strike Plaintiff's Second Affirmative Defense is therefore denied. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (an affirmative defense should be stricken only when it is insufficient as a matter of law).

### *Plaintiff's Third Affirmative Defense*

In its Third Affirmative Defense, Plaintiff contends Defendant's claims are barred "because it committed material defaults under the terms of the Contract, such as, among other things, defectively performing its work." (Dkt. 62). Defendant contends this defense should be stricken because it is not an affirmative defense, but merely negates an element of Defendant's *prima facie* case.

Plaintiff has asserted a defense which seeks avoidance of Defendant's claims. "A material breach by one party may be considered a discharge of the other party's obligations thereunder." *Nacoochee Corp. v. Pickett*, 948 So. 2d 26, 30 (Fla. 1st DCA 2007). To the extent that Plaintiff's defense is improperly labeled an affirmative defense, striking it is unnecessary. See *Ohio National Life Assurance Corp v. Langkau*, 2006 WL 2355571, *2 (M.D. Fla. 2006) (citations omitted). Defendant fails to establish that striking the defense is necessary or appropriate. Rule 12(f) should

be used sparingly and pleadings should be stricken only where the party demonstrates that the defense is insufficient or the allegations scandalous. *See Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962) (motions to strike seek drastic relief and generally courts disfavor them). Plaintiff's defense is not immaterial or scandalous and Defendant has not shown that prejudice will result. *See Ohio National Life Assurance Corp v. Langkau*, 2006 WL 2355571, *2 (M.D. Fla. 2006). Accordingly, Defendant's motion to strike Plaintiff's Third Affirmative Defense is denied.

*Plaintiff's Reservation of the Right to Plead Additional Affirmative Defenses*

Within its answer Plaintiff "reserves the right to plead further affirmative defenses that may arise upon discovery and further investigation." (Dkt. 62). Defendant contends the reservation should be stricken because it is immaterial.

While this Court does not condone Plaintiff's attempt to reserve the right to assert additional defenses in the future, Defendant's motion to strike the reservation is unnecessary and serves only to waste this Court's limited resources. Both parties should be aware that if either party seeks to assert additional claims or defenses the party must comply with the Federal Rules of Civil Procedure and this Court's scheduling order. Accordingly, Defendant's motion to strike Plaintiff's statement that it reserves the right to assert affirmative defenses in the future is denied. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Mr. Stucco Inc.'s Amended Motion to Strike Plaintiff's Answer and Affirmative Defenses (Dkt. 68) is DENIED.

**DONE AND ORDERED** in chambers this 25th day of March, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record