UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


CENTEX HOMES,

    Plaintiff,

v.                                                                                          Case No. 8:07-CV-365-T-33AEP

MR. STUCCO, INC; UNIVERSAL LUMBER
SPECIALTIES, INC. d/b/a UNIVERSAL
WINDOW SPECIALTIES d/b/a UNIVERSAL
WINDOW SOLUTIONS, LLC.; and WINK
STUCCO, INC., et al.

    Defendants**.**
_____/

# O R D E R

THIS MATTER is before the court on Defendant, Wink Stucco, Inc.'s ("Defendant") Renewed Motion to Compel Discovery From Plaintiff (Doc. No. 167) ("Motion to Compel"). The Defendant seeks an Order compelling Centex Homes ("Plaintiff") to produce documents responsive to its Request for Production of Documents propounded on May 7, 2009, which specifically requested "[a]ny and all settlement agreements and related documents to the settlement between CENTEX and UNIVERSAL LUMBER SPECIALITIES, INC., relating to this current litigation, Case No. 8:07-cv-00365-VCM-TBM."

The Defendant previously sought the identical relief from the court in its original Motion to Compel Discovery From Plaintiff (Doc. No. 161). In the original motion, the Defendant argued that the requested settlement documents between the Plaintiff and Universal Lumber Specialties, Inc., d/b/a Universal Window Specialties d/b/a Universal Window Solutions, LLC, ("Universal"), a Co-Defendant in this action, were necessary for the Defendant "to defend the

claims asserted against it and [it] w[ould] be prejudiced in its pursuit if the information and documentation . . . [was] not produced." (Doc. 161 at 2, ¶ 6). The court issued an Order (Doc. No. 165) denying without prejudice the Defendant's original motion finding that "aside from its boiler-plate urging that it is necessary to defend the claims against it, Defendant simply fails to make an adequate showing at present that it is entitled to discover the settlement agreement between Centex and Universal or any documents related to the same."

The Defendant now asserts in its renewed motion that the requested documents are relevant to determine a potential set-off to which the Defendant would legally be entitled. The Defendant acknowledges that the requested documents would not be relevant to prove liability at trial, but claims that if a verdict was entered against the Defendant, it would be entitled to a set-off from the amount the Plaintiff recovered from Universal.

In support of its position that it would be entitled to a set-off amount, the Defendant cites to *Schadel v. Iowa Interstate R.R., Ltd.*, 381 F.3d 671 (7th Cir. 2004), an action brought under the Federal Employers Liability Act that applied federal substantive law; *Lee v. Adrales*, 778 F. Supp. 904 (W.D. Vir. 1991), a medical malpractice action that applied Virginia state substantive law; and to Florida Statute § 46.015(2), which states that "if any person shows the court that the plaintiff, or his other legal representative, has delivered a written release or covenant not to sue any person in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment." In turn, the Plaintiff asserts that under the appropriate applicable procedural and substantive law, the Defendant would not be legally entitled to a set-off.

Rule 26(b)(1) provides in pertinent part that "[f]or good cause, the court may order

discovery of any matter <u>relevant to the subject matter involved in the action</u>." Fed. R. Civ. P. 26(b)(1)(emphasis added). At this stage in the case the Defendant has not filed an Answer, and thus has not alleged a set-off as an affirmative defense. The Defendant notes that it has not filed an Answer to the Third Amended Complaint because the Defendant has before the court a pending Motion to Dismiss pursuant to Fed. R. Civ. Pr. 12(b)(6). However, the Defendant claims that if the court denies the pending Motion to Dismiss, the Defendant fully intends to raise a set-off as an affirmative defense.

The court finds that if the Defendant is legally entitled to a set-off in this case, then the Defendant would be entitled to some of the requested relief in its Motion to Compel (Doc. No. 167).[1] However, the issue of whether the Defendant would be entitled to a set-off is not ripe for resolution based upon the lack of an Answer by the Defendant alleging set-off as an affirmative defense. At the present stage of the case, the issue of set-off is not relevant, and thus, the Defendant's requested documents are not discoverable at this time.

---

[1] The court makes no finding at this time as to whether the Defendant would be entitled to a set-off in this case. However, the court notes that it is unpersuaded by the Defendant's authorities cited in its Motion to Compel (Doc. No. 167).

Upon consideration, Defendant, Wink Stucco, Inc.'s Motion to Compel Discovery From Plaintiff (Doc. 167) is **DENIED without prejudice**.

**Done and Ordered** in Tampa, Florida, this 14th day of September, 2009.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

Counsel of Record